HINTON *v.* WHITEHURST.

terial by defendant's general appearance. The court found that both parties are nonresidents. *Held:* Plaintiff was entitled to maintain the action in any court of this State she might designate, and defendant's motion to remove to the county in which the real estate attached is situate and of which he asserted he is a resident, was properly denied.

APPEAL by defendant from *Rousseau, J.,* in Chambers, 3 February, 1939. From POLK. Affirmed.

Civil action on a judgment rendered by the Superior Court of Kitsap County, State of Washington, in favor of plaintiff and against defendant, in which the defendant appeared and moved to remove the cause for trial to Mecklenburg County.

Plaintiff sues to recover on a judgment rendered in the State of Washington in the sum of $10,000 and the sum of $250, attorney fees, and costs. Service of summons was had by publication and was based on an ancillary writ of attachment against real property of the defendant, located in Mecklenburg County. The defendant bases his motion upon the contention that he is a resident of Mecklenburg County and that the action involves real estate located in said county.

The court below, having found from the evidence that the defendant is a nonresident of the State, denied the defendant's motion. Defendant excepted and appealed.

*Massenburg, McCown & Alledge for plaintiff, appellee.*
*Kirkpatrick & Kirkpatrick for defendant, appellant.*

═══════════

R. L. HINTON v. ADA V. WHITEHURST ET AL.

(Filed 27 September, 1939.)

**Judgments § 22g—**

A defendant is not entitled to attack a judgment on the ground that the various orders of the clerk extending the time for filing complaint were irregular and not in continuous and unbroken sequence when it appears that defendant filed answer after the orders complained of were entered and the cause was tried upon its merits.

POWELL *v.* SMITH.

APPEAL by plaintiff from *Carr, J.,* at June Term, 1939, of PASQUO-TANK. Affirmed.

Civil action instituted by plaintiff to remove cloud from title to real property caused by the existence of a duly docketed judgment, and to have said judgment canceled of record. In connection therewith plaintiff seeks injunctive relief against sale under execution.

Defendants obtained the judgment in controversy against plaintiff after pleadings filed and upon a hearing upon the merits. The plaintiff now contends that various orders entered by the clerk extending the time to file complaint were not made in continuous and unbroken sequence from the time of issuance of the summons until the time of the filing of the complaint, but were, in fact, fraudulently made and entered at one and the same time, 7 May, 1928. The original summons was served 16 February, 1922.

The defendants duly demurred to the complaint. The demurrer was sustained and plaintiff excepted and appealed.

*Q. C. Davis, Jr., and George J. Spence for plaintiff, appellant.*
*P. W. McMullan and John H. Hall for defendants, appellees.*

PER CURIAM. After the entry of the various orders extending the time to file complaint, the defendants filed answer thereto and the cause was heard and determined upon its merits, resulting in the judgment cited in the complaint. We concur in the opinion of the court below that the complaint does not state a cause of action. The demurrer was properly sustained.

Affirmed.